*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-436

FILED **06/29/2017**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE BERNARD C. COLEMAN, JR., RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 437011)

On Report and Recommendation of the Board on Professional Responsibility
Ad Hoc Hearing Committee

Approving Petition for Negotiated Discipline
(DDN 151-15)

(Decided: June 29, 2017)

Before GLICKMAN and MCLEESE, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee ("the Committee") recommends approval of a petition for negotiated attorney discipline. The

violations stem from respondent Bernard C. Coleman, Jr.'s professional misconduct arising from acts or omissions during the course of his representation of multiple clients in consolidated civil actions.

Respondent acknowledged that, in addition to knowingly revealing information that would likely be detrimental to his clients, he failed to (1) provide competent representation and serve his clients with skill and care; (2) zealously represent his clients; (3) act with reasonable promptness; and (4) communicate with his clients, thereby violating Rules 1.1 (a) & (b), 1.3 (a) & (c), 1.4 (a) & (b), and 1.6 (a) of the District of Columbia Rules of Professional Conduct. The Committee considered the following circumstances in mitigation: (1) respondent provided his clients with his malpractice insurance information; (2) respondent took full responsibility and demonstrated remorse for his actions; (3) respondent cooperated with Disciplinary Counsel's investigation; (4) respondent actively pursued his clients' claims; (5) respondent demonstrated no evidence of dishonesty; and (6) respondent had no prior disciplinary history. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a thirty-day suspension, stayed, and one year of supervised probation during which respondent must (1) contact the District of Columbia Bar's Practice Management Advisory Service ("PMAS") within thirty days from the date of this

opinion to schedule an assessment; (2) meet with and obtain an assessment from PMAS and comply with and implement any PMAS recommendations; (3) provide PMAS with a signed release waiving confidentiality so PMAS may communicate with Disciplinary Counsel regarding respondent; (4) attend ten hours of continuing legal education classes offered by the D.C. Bar that Disciplinary Counsel preapproves, and submit proof of attendance to Disciplinary Counsel within thirty days of attendance; and (5) not be the subject of a disciplinary complaint that results in a finding that he violated the disciplinary rules of any jurisdiction in which he is licensed to practice. After reviewing the petition for negotiated discipline, considering a supporting affidavit, and conducting a limited hearing, the Committee concluded that the petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI, § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a thirty-day suspension from the practice of law, stayed, and one year of supervised probation with the conditions set forth above is not unduly lenient

considering the existence of mitigating factors and the discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Bernard C. Coleman, Jr. be, and hereby is suspended from the practice of law in the District of Columbia for thirty days, stayed, and is placed on one year of supervised probation during which respondent must (1) contact the

---

[1] *In re Mance*, 869 A.2d 339 (D.C. 2005) (suspending an attorney for thirty days with the suspension conditionally stayed during a one-year probationary period after the attorney (1) failed to timely pursue a client's case on appeal or protect his client's rights; (2) neglected to move to have his client's sentence reduced based on merger; (3) failed to communicate with his client; and (4) delayed moving to withdraw from the case after the client sought to terminate his engagement); *In re Dunietz*, 687 A.2d 206 (D.C. 1996) (concluding a thirty-day suspension, with a stay conditioned upon satisfactory completion of a two-year probationary period, was warranted for an attorney, with no prior discipline history, who neglected a single client by failing to act promptly, pursue the client's objectives, and communicate with the client).

District of Columbia Bar's Practice Management Advisory Service ("PMAS") within thirty days from the date of this opinion to schedule an assessment; (2) meet with and obtain an assessment from PMAS and comply with and implement any PMAS recommendations; (3) provide PMAS with a signed release waiving confidentiality so PMAS may communicate with Disciplinary Counsel regarding respondent; (4) attend ten hours of continuing legal education classes offered by the D.C. Bar that Disciplinary Counsel preapproves and submit proof of attendance to Disciplinary Counsel within thirty days of attendance; and (5) not be the subject of a disciplinary complaint that results in a finding that he violated a disciplinary rule of any jurisdiction in which he is licensed to practice.

*So ordered.*